

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RODOLFO BELLO MIRANDA,

                Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

                Respondent.

No.   19-72747

Agency No. A208-923-496

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 3, 2021[**]
Seattle, Washington

Before: BOGGS,[***] TASHIMA, and BERZON, Circuit Judges.

    Rodolfo Bello Miranda, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals (BIA or Board), dismissing his

---

    [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

    [***]      The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appeal of a decision of the Immigration Judge (IJ), who denied his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition.

1.      The Board's conclusion that the treatment Miranda suffered did not rise to the level of persecution is not supported by substantial evidence. "Death threats alone can constitute persecution, and '[v]iolence directed against . . . family members provides support for a claim of persecution and in some instances is sufficient to establish persecution.'" *Kaur v. Wilkinson*, 986 F.3d 1216, 1227 (9th Cir. 2021) (quoting *Baballah v. Ashcroft*, 367 F.3d 1067, 1074–75 (9th Cir. 2004) (citation omitted)). After Molina killed Miranda's brother and Miranda filed a complaint against Molina, Miranda was threatened with the death of one of his children or relatives if he continued with the complaint. The following day, Molina sent two men to Miranda's mother-in-law's store to tell Miranda that if Molina ended up in jail, they would kill Miranda. Later that evening, two people came to Miranda's home and again threatened to kill him. These "repeated," "menacing death threats" are sufficient to establish persecution, particularly because the death threats were "combined with confrontation." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000).

Nonetheless, as the IJ and BIA found, Miranda has not met his burden of establishing that the government was "'unable or unwilling to control'" the persecutors. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021) (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)). Miranda and his mother filed complaints against Molina with the district attorney, who opened a criminal case and indicated that she was willing to continue with the case. The evidence thus does not compel the conclusion that the BIA erred in finding Miranda failed to establish eligibility for asylum. *See Parada v. Sessions*, 902 F.3d 901, 908-09 (9th Cir. 2018) (explaining that "we may only reverse the agency's determination where 'the evidence compels a contrary conclusion from that adopted by the BIA.'" (quoting *Afriyie v. Holder*, 613 F.3d 924, 931 (9th Cir. 2010))).

2.      We decline to address Miranda's argument that the BIA erroneously found he was not a member of two particular social groups because the BIA did not address the issue. *See Budiono v. Lynch*, 837 F.3d 1042, 1046 (9th Cir. 2016) ("Our review is limited to those grounds explicitly relied upon by the Board."). Moreover, even if he can establish his membership in a particular social group, as stated above, Miranda has failed to meet his burden of establishing that "'the persecution was committed by the government, or by forces that the government

3

was unable or unwilling to control.'" *Villegas Sanchez*, 990 F.3d at 1179 (quoting *Baghdasaryan*, 592 F.3d at 1023).

3.      Because Miranda has failed to establish eligibility for asylum, his claims for withholding of removal and CAT relief also fail. Like asylum, withholding of removal requires a showing of persecution "inflicted either by the government or by persons or organizations which the government is unable or unwilling to control." *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1056 (9th Cir. 2006). Similarly, to qualify for protection under CAT, one must demonstrate that public officials have acquiesced in one's torture, which includes a showing that the officials are "*unable or unwilling* to oppose it." *Rodriquez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021) (quoting *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014)).

4.      Assuming, without deciding, that the IJ erred in excluding some of Miranda's exhibits and testimony, we conclude that Miranda has failed to establish the requisite substantial prejudice from the alleged due process violation. *See Hussain v. Rosen*, 985 F.3d 634, 645 (9th Cir. 2021) ("'To prevail on a due process challenge to deportation proceedings, [the petitioner] must show [both] error and substantial prejudice.'" (quoting *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020))). Miranda testified to the events supporting his application, and the IJ

4

found him to be credible. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007) ("Where an alien is given a full and fair opportunity to be represented by counsel, to prepare an application for . . . relief, and to present testimony and other evidence in support of the application, he or she has been provided with due process."). Miranda asserts that he could have provided further details about the murder of his brother's brother-in-law and the shooting in his neighborhood, but he does not specify what those details are. *See Hussain*, 985 F.3d at 645 (finding no prejudice where the petitioner did not "point to any additional evidence of persecution or the grounds upon which the BIA denied him asylum").

The petition for review is **DENIED.**